# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT,   Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | |
| JAMILA MIMS, et al.,   Defendants. | : : | CIVIL ACTION NO. 1:13-CV-0845-TWT-JFK |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Kenneth Earl Wright, confined in Ware State Prison in Waycross, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

## I.  28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Abuse of the judicial process warrants dismissal under § 1915A. Sears v. Haas, No. 12-14445, 2013 WL 616914,

AO 72A
(Rev.8/82)

at *1 (11th Cir. Feb. 19, 2013). Further, 28 U.S.C. § 1915(g) does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

**II.    Discussion**

In February 1991, while incarcerated in the State of Florida, Plaintiff, proceeding as Kenneth Wright, Florida Department of Corrections number 103030, filed in the United States District Court for the Middle District of Florida a civil rights action, which the Honorable Senior Judge Patricia C. Fawsett determined did not state a claim and in which she allowed him twenty days to amend before the court dismissed his action. Wright v. Eagan, No. 6:91-cv-0111-PCF (M.D. Fla. May 8, 1991) (docket entry 5) (hereinafter 1991 Florida action). When Plaintiff did not amend, the court

2

AO 72A
(Rev.8/82)

dismissed the action. Id. (docket entry 6). In September 1993, again while incarcerated, Plaintiff filed another civil rights action in the same court, which the Honorable Senior Judge G. Kendall Sharp dismissed as frivolous. Wright v. Bell, No. 6:93-cv-0738-GKS (M.D. Fla. Sept. 24, 1993) (docket entries 10, 15) (hereinafter 1993 Florida action). In July 1995, again while incarcerated, Plaintiff filed in a different division of the same court another civil rights action, which the Honorable Senior Judge John H. Moore, II, dismissed, noting that Plaintiff could file a new complaint after he pursued his other remedies and/or could show that his claims had accrued. Wright v. Curry, No. 3:95-cv-0638-JHM (M.D. Fla. July 27, 1995) (docket entry 3) (hereinafter 1995 Florida action).

In April 2012, Plaintiff, proceeding as Kenneth Earl Wright, Georgia Department of Corrections number 1000530906, while incarcerated, filed Wright v. Chandler, No. 1:12-cv-1245-TWT-JFK (N.D. Ga. filed Apr. 11, 2012). On the form civil rights complaint in that action, Plaintiff checked "No" in response to the query "Have you filed other lawsuits in federal court while incarcerated in any institution?" Complaint at 1, Wright, No. 1:12-cv-1245. The Court determined that it had insufficient information to conclude that § 1915(g) applied to Plaintiff, and Wright, No. 1:12-cv-1245, was allowed to proceed. See Order at 2-3, Wright, No. 1:12-cv-

3

1245, ECF No. 20.  The defendant in that action asserted that Plaintiff was subject to § 1915(g), listed the above Florida cases, and asserted that no further response was required by Defendant. Waiver of Reply, Wright, No. 1:12-cv-1245, ECF No. 19. The Court again determined that it had insufficient information to conclude that § 1915(g) applied and required Defendant to file an answer.[1]  See Order at 2-3, Wright, No. 1:12-cv-1245, ECF No. 20.[2]

On March 12, 2013, Plaintiff submitted for filing the instant action.  (See Doc. 2 at 2).  On the form civil rights complaint that he submitted, Plaintiff fails to identify any of his Florida actions although he was required to describe every lawsuit that he has filed while incarcerated in any institution, and he signed his complaint under

---

[1] The Court mistakenly referred to the 1993 Florida action as having been filed in the Middle District of Georgia. See Order at 1 n.1, Wright, No. 1:12-cv-1245, ECF No. 20.

[2] Plaintiff then filed four additional actions in this Court.  See Wright v. East Point Police Dep't, No. 1:12-cv-02150-TWT-JFK (N.D. Ga. filed June 21, 2012) (pending); Wright v. East Point Police Dep't, No. 1:12-cv-02064-TWT-JFK (N.D. Ga. Feb. 11, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. East Point Police Dep't, No. 1:12-cv-02063-TWT-JFK (N.D. Ga. Apr. 24, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. Armand, No. 1:12-cv-02062-TWT-JFK (N.D. Ga. filed June 14, 2012) (pending).  In none of those actions – in which Plaintiff submitted form complaints, which required a description of prior lawsuits and which Plaintiff signed under penalty of perjury – did Plaintiff inform the Court that he had filed actions in the United States District Court for the Middle District of Florida.

penalty of perjury. (Doc. 1). In <u>Wright</u>, No. 1:12-cv-1245, Plaintiff has now admitted that he filed the 1991 and 1993 Florida actions. <u>See</u> Mem. at 3-4, <u>Wright</u>, No. 1:12-cv-1245, ECF No. 30.[3]  The Court finds that Plaintiff also filed the 1995 Florida action, which was filed by the same person (Fla. D.C. No. 103030) who filed the 1991 and 1993 Florida actions.

Based on the above, it is apparent that when Plaintiff filed this action in March 2013, he had while incarcerated filed at least four civil actions that had been dismissed as frivolous, malicious, or for failure to state a claim. The court dismissed the 1991 Florida action after determining that Plaintiff had not stated a claim and when Plaintiff failed to amend as directed. The court dismissed the 1993 Florida action as frivolous. The court dismissed the 1995 Florida action because Plaintiff had not exhausted his other remedies or shown that his claims had accrued, which dismissal qualifies as a strike.[4]  Further, in February 2013, this Court dismissed <u>Wright</u>, No. 1:12-cv-02064,

---

[3]Plaintiff's admission came after the defendant in <u>Wright</u>, No. 1:12-cv-1245, moved to dismiss and sought permission to file under seal records that identified Plaintiff as the litigant in the Florida cases. <u>See</u> Mots., <u>Wright</u>, No. 1:12-cv-1245, ECF Nos. 28, 29.

[4]The dismissal of a civil rights action for failure to exhaust other remedies counts as a strike under § 1915(g). <u>See</u> <u>Thomas v. Parker</u>, 672 F.3d 1182, 1183-84 (10th Cir. 2012) (agreeing that a strike is properly assessed when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust

5

under 28 U.S.C. § 1915A.  Plaintiff had four strikes when he filed this action, and he alleges no action by any Defendant that places him in imminent threat of serious injury.  Thus, Plaintiff was not entitled to proceed *in forma pauperis*, and this case should have been dismissed under § 1915(g).

Further, even if Plaintiff had not had three strikes at the time he filed this action, the Court should dismiss the action based on Plaintiff's abuse of the judicial process.

---

administrative remedies, and no claims are allowed to proceed on the merits"); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of action for failure to exhaust remedies counted as a strike under § 1915(g)), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

A dismissal based on the prematurity of a civil rights action counts as a strike. See In re Jones, 652 F.3d 36, 38 (D.C. Cir. 2011) (listing cases); Berry v. Savannah Chatham Cnty. Metro. Police Dep't, No. CV408-201, 2009 WL 1765805, at **1-2 (S. D. Ga. 2009.).  Under Heck v. Humphrey, 512 U.S. 477 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Dyer v. Lee, 488 F.3d 876, 878-79 (11th Cir. 2007) (quoting Heck, 512 U.S. at 487) (internal quotation marks omitted).

The Court notes that in Wright, No. 1:12-cv-1245, Plaintiff has argued that the 1991 and 1993 Florida actions should not count as strikes because, although he sought damages in those actions, they were challenges to his conviction.  See Mem. at 3-4, Wright, No. 1:12-cv-1245, ECF No. 30.  Those actions were docketed as civil rights cases and adjudicated as such, and any disagreement with the outcomes in the Florida actions should have been pursued in a direct appeal from those actions.

6

See Sears, 2013 WL 616914, at *1 ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."); Harris v. Warden, 498 F. App'x 962, 965 (11th Cir. 2012) (stating that failure to "disclose any information regarding . . . prior cases" on form complaint that requires disclosure of prior complaints and "simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions" regarding prior suits warrants a finding of affirmative misrepresentation and dismissal for an abuse of the judicial process); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x. 221, 226 (11th Cir. 2011) ("The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so."). In his complaint, signed under penalty of perjury, Plaintiff failed to identify any of his Florida actions although he was required to describe every lawsuit that he had filed while incarcerated. Further, Plaintiff's false representations are not in this action only, and Plaintiff admitted to the Florida filings only after the defendant in Wright, No. 1:12-cv-1245 went to the time and expense of pursuing further research on the 1990 Florida filings and moved to dismiss under § 1915(g).

## II. Conclusion

For the reasons stated above,

**IT IS ORDERED** that the grant of *in forma pauperis* status, (Doc. No. 3 (requiring payments from Plaintiff's inmate account)), is **VACATED** and that the Clerk of the Court transmit a copy of this Order to the warden of the institution where Plaintiff is incarcerated.

**IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice under 18 U.S.C. § 1915(g) and for abuse of the judicial process.

**IT IS SO ORDERED and RECOMMENDED** this 11th day of June, 2013.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE